FILED '07 MAR 21 17:57 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEO Henry, Jr.: Albertson, a living Christian Man, removing intervener and Libelant, | No. CV 07-3014-PA <br><br> **CORRECTED ORDER** |
| STATE OF OREGON, a sub-chartered Municipal Corporation and artificial person, EIN # 931070707, | |
| Libelee and (putative) Plaintiff, | |
| v. | |
| LEO HENRY (HANK) ALBERTSON, JR., | |
| Defendant. | |

**PANNER, District Judge:**

Leo Henry Albertson, Jr., also known as "Leo Henry, Jr. of the House of Albertson," apparently seeks to remove a case of some kind from Lake County Circuit Court for the State of Oregon. Albertson also has filed a document entitled "Motion for New Trial and Pretrial Evidentiary Hearing."

If at any time it appears that this court lacks subject matter jurisdiction, the case must be dismissed--if an original action--or else remanded to state court if the action was removed therefrom. See 28 U.S.C. § 1447(c).

/ / / /

1 - CORRECTED ORDER

From the pleadings, it is impossible to determine whether the state court proceeding in question is a civil or criminal matter, let alone the nature of that state court proceeding or its present procedural posture. Nor, from these pleadings, is it possible to determine the identity of opposing counsel, or whether notice of the attempted removal was properly given. That is because Albertson has failed to comply with the procedures for removing a case from state court. See 28 U.S.C. §§ 1441 through 1453, and in particular § 1446.

Albertson also has not met his burden, as the removing party, to plead facts establishing a *prima facie* basis for this court to exercise jurisdiction. Simply asserting that the court has "exclusive admiralty jurisdiction" does not make it so.

Albertson also appears to allege that the case below commenced in June 2003. If so, removal is untimely under nearly all of the removal statutes. The pleading does mention in passing that Albertson either is, or was, in the military, but otherwise pleads no facts or laws that might make this fact relevant to the propriety of removing this action.

The "Motion for New Trial" suggests that Albertson may be asking this court to set aside a state court judgment. The Rooker-Feldman doctrine prevents lower federal courts from exercising appellate jurisdiction over final state court judgments. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Nor has Albertson pled any facts, or followed the rigorous procedures, applicable to a petition for post-conviction relief (if that is the nature of this action). See 28 U.S.C. §§ 2241 through 2254.

2 - CORRECTED ORDER

## Conclusion

This action is dismissed for lack of subject matter jurisdiction and failure to comply with the procedures for removing an action to federal court. To the extent that anything actually was removed from state court by virtue of the "Verified Notice of Removal" it is hereby remanded.

IT IS SO ORDERED.

DATED this ____21____ day of March, 2007.

_____
OWEN M. PANNER
UNITED STATES DISTRICT JUDGE

3 - ORDER